IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM DREFAHL,

                Plaintiff,

     v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,

                Defendant.

ORDER

13-cv-244-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     After plaintiff William Drefahl filed this action for judicial review of the denial of his claim for disability insurance benefits and supplemental security income, defendant Carolyn W. Colvin, Acting Commissioner of Social Security filed a memorandum in support of her motion for remand plaintiff's claim under sentence four of 42 U.S.C. § 415(g). (The record does not show that defendant filed a motion for remand, but plaintiff does not make an issue of that omission.)

     Plaintiff argues that remand is inappropriate because his claim has been before two different administrative law judges, neither of whom reached a supportable decision. In his view, another hearing "stretches the limits of justice," Plt.'s Reply Br., dkt. #24, at 1. At the least, he argues, a third hearing should be preceded by instructions from the court.

     Understandable as plaintiff's frustration is over the prospect of yet another round of

1

review, the record makes it clear that another hearing is necessary. It does not support an order directing defendant to grant plaintiff's claims for benefits, much as plaintiff would like such a disposition. A number of factual issues remain. Allord v. Astrue, 631 F.3d 411, 417 (7th Cir. 2011 ("An award of benefits is appropriate, however, only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits.") (citing Briscoe ex rel. Taylor v. Barnhart, 425 F.3d 345, 355 (7th Cir. 2005)).

    Plaintiff asks the court to give instructions to the new administrative law judge hearing his case. Plaintiff wants consideration of his need for a cane, which is appropriate. Plaintiff's need is not obvious, but the question does merit reconsideration. In addition, it should go without saying that the administrative law judge should evaluate the opinions of all treating, consulting and agency physicians, as well as plaintiff's function reports and should consider the difference between a person's being able to engage in sporadic physical activities and being able to work a fulltime job. As far as defendant's failure to respond to other issues raised in plaintiff's brief, defendant is not barred from responding to them on remand and plaintiff is free to raise them again, as well as any new issues he has. Finally, it is not necessary to rule on plaintiff's request to be allowed to submit additional evidence, because that opportunity is included in defendant's request for remand: "On remand, an ALJ will provide the claimant an opportunity for a new hearing and to submit additional evidence." Dft.'s Br., dkt. #23, at 2.

ORDER

IT IS ORDERED that plaintiff William Drefahl's motion for summary judgment, dkt. #18 is DENIED; the motion for remand filed by defendant Carolyn W. Colvin, Acting Commissioner, Social Security Administration, is GRANTED. Plaintiff's claim for disability insurance benefits and social security income is REMANDED to defendant under sentence four of 42 U.S.C. § 405(g).

Entered this 10th day of June, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge